UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA RIGHT TO PRAY TOGETHER, *et al.*,
    *Plaintiff*,

v.                                CASE NO: 4:22-cv-33-RH-MAF

LAUREL M. LEE, in her official
capacity as Florida Secretary of State, *et al.*,
    *Defendants*.
_____/

## MOTION TO DISMISS

Defendant, Florida Secretary of State Laurel M. Lee, pursuant to Rules 8(a)(2), and 10(b), moves to dismiss the Complaint as an impermissible shotgun pleading and pursuant to Rule 12(b)(1), for Plaintiff Citizens in Charge's lack of standing to bring any of the claims. The Secretary incorporates the Attorney General's arguments in her Motion to Dismiss (DE 10) on these points[1] and will not repeat them here. The Secretary also moves for dismissal pursuant to Rule 12(b)(1) as to Counts I, II, and X, for lack of subject matter jurisdiction because Plaintiffs do not have standing against her and, regardless, no exception to her sovereign immunity exists. The remainder of this motion will address these dismissal bases for Counts I, II, and X.

---

[1] The Attorney General additionally moved to dismiss certain counts for failure to state a claim upon which relief can be granted. The Secretary does not do so at this juncture, but that does not imply that the Attorney General's argument is unsound. *See* Rule 12(h)(2) (failure to state a claim can be raised in the defendant's answer, motion for judgment on the pleadings, or at trial).

## I. Introduction

In Counts I, II, and X, Plaintiffs attack the constitutionality of section 104.186, Florida Statutes, which they refer to as the "Compensation Ban." DE 1 ¶¶ 129-39 (Count I: as-applied under First and Fourteenth Amendments); ¶¶ 140-45 (Count II: facial under Equal Protection Clause); ¶¶ 195-200 (Count X: as-applied challenge to effect of all provisions together, *including* § 104.186, under First and Fourteenth Amendments). Section 104.186 declares compensating an initiative petition circulator "based on the number of petition forms gathered" a first-degree misdemeanor, which makes it better referred to as the "Criminal Provision." § 104.186, Fla. Stat.[2]

The Secretary does not enforce the Criminal Provision and, consequently, there is no standing against her to establish subject-matter jurisdiction. *See Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1241 (11th Cir. 2020) (vacating and remanding with instructions to dismiss with prejudice where Secretary "does not enforce the challenged law"). Regardless, the Secretary would not be a proper defendant under the *Ex Parte Young* exception to Eleventh Amendment immunity because she does not

---

[2] Plaintiffs rely upon advice of "professional petitioning firms" to place blame on solely the Challenged Statutes for "mak[ing] it financially impracticable for Plaintiffs to seek ballot access." DE 1 ¶¶ 16, 19, 21-22, 70-76. At least one of those firms is quite familiar with the Criminal Provision. *See e.g. Standing Up for Florida v. Voters in Charge*, No.: 2021-CA-2038, Counter Pls.' Emerg. Mt. for Temp. Inj. To Prevent Election Fraud at 12-25 (2d Jud. Cir. Jan. 10, 2022) (arguing the firm operated in violation of the Criminal Provision and providing testimony and records from the firm in support).

even have "*some* connection" with the enforcement of the provision and would not be "responsible for" any enforcement against Plaintiffs. *Women's Emergency Network v. Bush*, 323 F.3d 937, 949 (11th Cir. 2003) (emphasis added). Counts I, II, and X should therefore be dismissed against the Secretary with prejudice.

## II. Lack of Subject Matter Jurisdiction as to Counts I, II, and X

Before reaching the merits of a dispute, "no matter how weighty," a court must ensure that it has subject-matter jurisdiction. *Lewis v. Governor of Ala.*, 944 F. 3d 1287, 1296 (11th Cir. 2019) (*en banc*). "For a court to pronounce upon . . . the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101-02 (1998). There are two elements of subject-matter jurisdiction missing from this action: (1) Plaintiffs' standing against the Secretary; and, (2) an *Ex Parte Young* exception to the Secretary's Eleventh Amendment immunity.

Both elements are lacking because in Florida, *other* officers are vested with authority to enforce the Criminal Provision and the Secretary is not. This does not mean that Plaintiffs have alleged, or could allege, sufficient standing or exception to immunity against any of those other officers; just that Plaintiffs cannot make such allegations against the Secretary because she has no enforcement role. Each State Attorney is vested with the authority to criminally prosecute violations in their circuit. Fla. Const. Art. V, §17. The Statewide Prosecutor may also criminally prosecute

3

violations occurring in two or more circuits that are either related violations or violations that are part of a conspiracy. *See* Fla. Stat. § 16.56(1)(a); DE 10 at 8.

### a. Plaintiffs Lack Standing Against the Secretary

The standing doctrine's necessary components are threefold: (1) "injury-in-fact," (2) "traceability," and (3) "redressability." *Lewis*, 944 F.3d at 1296; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). After all, it must be the effect of the court's judgment on the defendant, not on an absent third party, that redresses the injury. *See Jacobson*, 974 F.3d at 1254-55 (explaining that the court must be able to afford relief through the exercise of its own power over a defendant and not the persuasive effect of its opinion on nonparties); *see also Lewis*, 944 F.3d at 1302-05 (same). Here, Plaintiffs' injury—that the Criminal Provision violates various rights to the detriment of their initiative campaign(s)—is neither traceable to the Secretary nor redressable by relief against her.

The Secretary is alleged to be "vested with the authority to enforce all statutory provisions challenged in this action," which includes the Criminal Provision, "through:" 1) "the promulgation of forms;" 2) "accepting or rejecting the filing of initiative petitions proposing amendment[s]" to Florida's constitution; 3) "the validation of signatures;" and 4) "reporting alleged violations to" to Defendant Florida Attorney General Moody. DE 1 ¶ 37. But like the functions at issue in

*Jacobson*,³ these functions "say[] nothing about whether [the Secretary] 'possess[es] authority to *enforce* the complained-of provision.'" *Jacobson*, 974 F.3d at 1257 (quoting *Lewis*, 944 F.3d at 1299) (third alteration in original). As this Court recently explained, "[u]nder *Jacobson*, when a state law makes *one* state official responsible for the challenged action, plaintiffs lack standing to sue *another, independent* state official for that action." *Hetherington v. Lee*, No. 3:21-CV-671-MCR-EMT, 2021 WL 6882441, at *3 (N.D. Fla. July 12, 2021) (granting dismissal with prejudice of the Secretary where the FEC had enforcement authority and not the Secretary); *see also Georgia Republican Party, Inc. v. Sec'y of State of Georgia*, No.: 20-14741, 2020 WL 7488181, *2 (11th Cir. 2020) (denying motion against Georgia Secretary where he, despite being the "chief election officer" did "not conduct the [challenged absentee ballot] signature matching process," "review the voter's signature," or "control whether the…matching process can be observed"). The State Attorneys and the Statewide Prosecutor are all independent of the Secretary.

Further, none of the functions through which the Secretary allegedly "enforces" the Criminal Provision even have anything to do with enforcement of the Criminal Provision. *See* Fla. Stat. § 100.371 & Fla. Admin. Code Rule 1S-2.0091. The Secretary's functions of "promulgat[ing]" the petition form circulated, § 100.371(2),

---

³ The Court in *Jacobson* specifically addressed the Secretary's functions of rulemaking (which includes the promulgation of forms) and reporting alleged violations. The other functions alleged by Plaintiffs are no different.

5

and "accepting or rejecting" the proposed amendment for ballot placement, *id.* at (12), do not at all touch upon what the Criminal Provision prohibits, which is paying petition circulators per signature collected. Additionally, that prohibited payment method is not one of the types of "alleged violations" in the initiative petition statute that the Secretary may "report[]" to the Florida Attorney General, *id.* at (8).[4] And finally, the Secretary has no part in "the validation of signatures" on the petitions. § 100.371(11) (tasking the supervisors of elections with verifying and validating the signatures on each petition); *see id.* at (12) (directing the Secretary to determine ballot placement thresholds "from the signatures verified by the supervisors of elections"); *see also* Fla. Admin. Code Rule 1S-2.0091(5) (reporting to the Secretary just the "number of valid verified signatures" and other similar data).

Any injury to the Plaintiffs because of the Criminal Provision is neither traceable to nor redressable by the Secretary because she does not enforce that provision. Counts I, II, and X should therefore be dismissed with prejudice for lack

---

[4] This is not to say that the Secretary cannot refer other alleged violations to the Attorney General or other appropriate official, just like any other concerned citizen with knowledge. The Secretary just would not have knowledge of payment methods violating the Criminal Provision from the regular performance of her initiative petition and ballot placement duties. Initiative sponsors are not required to report their circulator payment methods to the Secretary, and the Secretary does not even receive any signed petitions as part of her duty to determine ballot placement. *See* Rule 1S-2.0091(5) (directing supervisors to report to the Secretary data and information from their verification of petition signatures).

of subject matter jurisdiction against the Secretary because Plaintiffs lack standing against her.

### b. No Exception to the Secretary's Sovereign Immunity Exists

Without standing, the Court lacks subject-matter jurisdiction and can dismiss the action without addressing whether the Secretary is a proper defendant under *Ex Parte Young*'s exception to Eleventh Amendment immunity. *Ex Parte Young*, 209 U.S. 123, 168 (1908); *see Lewis*, 944 F.3d at 1306 ("Because we conclude that plaintiffs lack standing, we need not—may not—proceed to consider . . . whether the Attorney General is a proper defendant under *Ex Parte Young*[.]"); *Jacobson*, 974 F.3d at 1256 (finding "no occasion to consider whether the Secretary is a proper defendant under *Ex Parte Young*" because the plaintiffs lacked standing). In any event, the exception does not apply here, giving the Court another, independent reason to dismiss Counts I, II, and X against the Secretary with prejudice.

"The Eleventh Amendment to the Constitution bars federal courts from entertaining suits against states." *Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 405 F.3d 1298, 1302 (11th Cir. 2005). "[A] state may not be sued in federal court unless it waives its sovereign immunity or its immunity is abrogated by an act of Congress under section 5 of the Fourteenth Amendment." *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011). Neither of these exceptions apply. "[T]he State of Florida has not waived its immunity to suits under § 1983," and "Congress did not abrogate state

7

sovereign immunity through § 1983."[5] *Claire v. Fla. Dep't of Mgmt. Servs.*, 504 F. Supp. 3d 1328, 1333 (N.D. Fla. 2020) (*citing Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1513-20 (11th Cir. 1986), and *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68-71 (1989)).

There is a third exception, but it does not apply either. *Ex Parte Young* provides an "exception to this rule for suits against state officers . . . to end continuing violations of federal law." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000). However, the *Ex Parte Young* exception applies "only when those officers are 'responsible for' a challenged action and have 'some connection' to the unconstitutional act at issue." *Women's Emergency Network*, 323 F.3d at 949. Even shared authority to enforce is insufficient. *Id.* (finding the Governor's "shared authority over the Department is simply too attenuated to establish that he is 'responsible for' the distribution of funds to adoption agencies" challenged). "Where the named defendant lacks any responsibility to enforce the statute at issue, 'the state is, in fact, the real party in interest,' and the suit remains prohibited by the Eleventh Amendment." *Osterback v. Scott*, 782 Fed. App'x. 856, 859 (11th Cir. 2019) (quoting *Summit Med. Assocs. P.C. v. Pryor*, 180 F.3d 1326, 1341 (11th Cir. 1999)). The State Attorneys and the Statewide Prosecutor are tasked by Florida law with enforcing the Criminal Provision. The Secretary therefore lacks even "some

---

[5] Plaintiffs allege that their action is "brought under 42 U.S.C. § 1983." DE 1 ¶ 1.

connection" to enforcement and is not "responsible for" any prosecution or penalty imposed by the other independent officers. The *Ex Parte Young* exception does not apply and the Secretary therefore maintains her immunity from suit as to Counts I, II, and X.

III. **Conclusion**

For the reasons stated in the Attorney General's Motion to Dismiss (DE 10) incorporated herein, the Complaint by Plaintiff Citizens in Charge should be dismissed with prejudice for lack of standing, and the Complaint by any and all of the Plaintiffs should be dismissed without prejudice as an impermissible shotgun pleading. Additionally, and specifically addressed in this Motion, Counts I, II, and X, should be dismissed with prejudice against the Secretary for lack of subject matter jurisdiction, because Plaintiffs do not have standing against her and, regardless, no exception to her sovereign immunity exists.

May 9, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　/s/ *Ashley E. Davis*
　　　　　　　　　　　　　　　　BRADLEY R. MCVAY (FBN 79034)
　　　　　　　　　　　　　　　　*GENERAL COUNSEL*
　　　　　　　　　　　　　　　　brad.mcvay@dos.myflorida.com
　　　　　　　　　　　　　　　　ASHLEY E. DAVIS (FBN 48032)
　　　　　　　　　　　　　　　　*Deputy General Counsel*
　　　　　　　　　　　　　　　　ashley.davis@dos.myflorida.com
　　　　　　　　　　　　　　　　stephanie.buse@dos.myflorida.com
　　　　　　　　　　　　　　　　FLORIDA DEPARTMENT OF STATE
　　　　　　　　　　　　　　　　R.A. Gray Building, Suite 100
　　　　　　　　　　　　　　　　500 South Bronough Street
　　　　　　　　　　　　　　　　Tallahassee, Florida 32399-0250

Phone: (850) 245-6536
Fax: (850) 245-6127

*Counsel for Defendant Secretary of State*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all counsel of record through the Court's CM/ECF system on this 9th day of May, 2022.

*/s/ Ashley E. Davis*
Attorney